UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. A-11-CR-049 (1) LY |
| | § | |
| ARNOLDO GONZALEZ, JR. | § | |
| | § | |
| Defendant. | § | |
| | § | |

## FACTUAL BASIS

Had this matter proceeded to trial, the United States Attorney for the Western District of Texas was prepared to prove the following facts beyond a reasonable doubt:

1. Beginning on or about December 2009 and continuing until January, 2011, in the Western District of Texas, the defendant, ARNOLDO GONZALEZ, JR., knowingly, intentionally and unlawfully combined, conspired, confederated, and agreed with others known and unknown to the grand jury, to possess with intent to distribute 50 grams or more of actual methamphetamine, a controlled substance, and 100 kilograms or more of a mixture and substance containing a detectible amount of marijuana, a controlled substance.

2. In December 2009, agents with the Drug Enforcement Administration and the Williamson County Sheriff's Office (WCSO) began targeting Defendant and his associates who were suspected of purchasing and selling large quantities of methamphetamine in Austin, Texas and elsewhere.

3.     Between December 2009 and January, 2011, Defendant conspired with others to distribute varying quantities of methamphetamine that were in his possession and/or under his control. Within this time period Defendant would speak on the telephone with confidential sources or co-defendants and then deliver or coordinate the delivery of methamphetamine for an agreed upon price.

4.     A combination of the law enforcement controlled purchases, deliveries of methamphetamine to, and amongst, co-defendants and others and a wire intercept of Defendant's phone and of other co-defendants' phones confirmed that Defendant was responsible for conspiring to possess with intent to distribute 50 grams or more of actual methamphetamine and 100 kilograms or more of a mixture and substance containing a detectible amount of marijuana, a controlled substance.

5.     Law enforcement confirmed that Defendant was coordinating for the receipt and delivery of varying quantities of methamphetamine from sources of supply outside of the Austin, Texas area. The Defendant would then arrange/coordinate for the sale of the methamphetamine to mid-level and street-level drug dealers in Austin, Texas on his behalf. As part of this investigation, officers sought and obtained authorization to conduct a wire intercept of Defendant's cell phone. Among the conversations captured during the course of the intercept were conversations indicating that Defendant was receiving money derived from street-level distribution of methamphetamine and that Defendant directed the delivery and pick-up of quantities of methamphetamine. Moreover, on April 15, 2010 and on May 10, 2010 law enforcement agents obtained recorded phone calls indicating that Defendant directed the delivery and pick-up of ounce quantities of methamphetamine for $1,500.00. On each occasion the Defendant directed others to another location to pick up the

methamphetamine; 1908 Conestoga Trail.  On each of those respective dates the methamphetamine was recovered by case agents and was submitted for analysis.  Lab reports confirmed the respective quantities of methamphetamine to be approximately 27.3 grams net weight of methamphetamine, a controlled substance with 98.1% purity, and 27.4  grams net weight of methamphetamine, a controlled substance with 82.0% purity.

6. Between August and September 2010, agents of the DEA Laredo, TX District Office introduced an undercover DEA agent to Defendant/Arnoldo GONZALEZ, Jr. for the purpose of discussing transportation of multi-hundred kilogram quantities of marijuana from Laredo to Dallas, Texas.  As a result, on September 23, 2010, agents of the DEA Laredo conducted surveillance of an undercover operation, which resulted in the seizure of approximately 341.97 kg of marijuana and $1,500.00 in cash.

7. After several preliminary recorded calls between an undercover agent and Defendant/GONZALEZ, JR. final arrangements were made to coordinate the pick-up of a load of marijuana by the undercover agent in his 18-wheeler.  Once at the pick-up location the undercover agent waited until a red Ford F-150 pick-up truck arrived, driven by a co-defendant, JORGE EDUARDO LARRANAGA.  LARRANAGA and his passenger opened the rear cargo doors of the 18-wheeler and unknown individuals transferred bundles of marijuana from the trunk into the 18-wheeler.

8. The undercover agent was told by  LARRANAGA that he would make a phone call to inquire about money for the use of the tractor-trailer to give to the undercover agent.  After LARRANAGA was seen driving to meet a passenger of a 2002 Chevrolet TAHOE, he returned to the warehouse and gave the undercover agent $1,500.00.  The undercover agent driver then drove

the load to the U.S. Border Patrol checkpoint north of Laredo on I-35 where the marijuana was off-loaded and later confirmed to be approximately 341.97 kg of marijuana . Wiretap surveillance indicated that Defendant/GONZALEZ, JR. was contacted by telephone by "Primo", who asked the Defendant/GONZALEZ, JR. to check on the status of his driver. Then, "Primo" advised that he would send someone to check on the driver. Shortly thereafter, the previously mentioned Chevrolet TAHOE arrived at the USBP checkpoint and the driver of the vehicle was positively identified as JORGE EDUARDO LARRANAGA.

9. The government was prepared to prove the foregoing by physical evidence, forensic analysis, the Defendant(s) own admissions, and testimony of persons with knowledge of the foregoing events.

That, in summary, would be the evidence presented by the United States.

JOHN E. MURPHY
United States Attorney

By:  **/s/ Grant Sparks**
_____
GRANT SPARKS
Assistant United States Attorney
816 Congress Avenue; Suite 1000
Austin, Texas 78701
(512) 916-5858
Fax    (512) 916-5854
State Bar No. 00792849

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

STUART WHITLOW
*Attorney for Defendant*

/s/ Grant Sparks
_____
GRANT SPARKS
Assistant United States Attorney